```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

SYNERGY REAL ESTATE OF SW FLORIDA,
INC., GULF COAST MANAGEMENT GROUP,
LLC, and LOUIS PFAFF,

                Plaintiffs,

vs.                              Case No.   2:11-cv-707-FtM-29SPC

PREMIER PROPERTY MANAGEMENT OF SW
FLORIDA, LLC, NAPLES NEW VENTURES,
LLC, DEBORAH MCCABE, MICHAEL
DEPAOLA, KRISTIN DEPAOLA, CYNTHIA
JONES, and JAMES JONES,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Joint Motion to Dismiss and Incorporated Memorandum of Law (Doc. #8). Plaintiffs filed a Response in Opposition (Doc. #10).

**I.**

On July 5, 2011, plaintiffs Synergy Real Estate of SW Florida, Inc. (Synergy), Gulf Coast Management Group, LLC (Gulf Coast) and Louis Pfaff filed a nine-count Complaint (Doc. #1) against defendants Premier Property Management of SW Florida, LLC (Premier), Naples New Ventures, LLC (Naples New Ventures), Deborah McCabe, Michael DePaola, Kristin DePaola, Cynthia Jones, and James Jones.  Plaintiffs bring claims against defendants for cyberpiracy, unfair trade practices, civil conspiracy, tortious interference

with advantageous business relationships, breach of fiduciary duty, and organized scheme to defraud. (Doc. #1.)

Defendants contend that plaintiffs filed this Complaint in an attempt to circumvent the state court proceedings where three actions and two appeals arising from the same common nucleus of facts are pending. (Doc. #8.) Defendants also assert that this action is barred under the Rooker-Feldman doctrine,[1] that plaintiff Synergy does not have standing because it is a dissolved corporation, and that plaintiffs have failed to meet the pleading requirements of the Federal Rules of Civil Procedure. (Id.) As set forth below, the Court finds that the Complaint is unmanageable in its current form and will be dismissed with leave to amend.

**II.**

Defendants argue that the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. Plaintiffs respond that because an appeal from the state court judgment was still pending at the time they filed their Complaint, the Rooker-Feldman doctrine is inapplicable. "The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). This is a narrow

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Ct. App. v. Feldman, 460 U.S. 462 (1983).

doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Lance v. Dennis, 546 U.S. 459, 464 (2006)(quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); Casale, 558 F.3d at 1260. Because an appeal from the state court judgment remained pending at the time plaintiffs filed their Complaint (see Doc. #8, p. 4), the Court agrees with plaintiffs and finds that the Rooker-Feldman doctrine is inapplicable here. See Nicholson v. Shafe, 558 F.3d 1266, 1279 (11th Cir. 2009)("[S]tate proceedings have not ended for purposes of Rooker-Feldman when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action.").

**III.**

All nine counts in the Complaint contain a paragraph realleging the allegations of all the preceding paragraphs. (Doc. #1, ¶¶ 48, 57, 63, 69, 75, 79, 83, 90, 93.) This is a shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Magluta v. Samples, 256 F.3d 1282,

1284 (11th Cir. 2001). Plaintiffs will be required to replead each of their claims and to specify which factual allegations are relevant to each count. See Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc., 162 F.3d 1290, 1333 (11th Cir. 1998)("These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint; the complaint is followed by an answer that responds to each and every statement. If the trial judge does not quickly demand repleader, all is lost-extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits.").

Plaintiffs may also take this opportunity to address any additional pleading deficiencies. For example, by indiscriminately lumping "defendants" together, plaintiffs have failed to comply with Fed. R. Civ. P. 8. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant." Pro Image Installers, Inc. v. Dillon, No. 3:08cv273, 2009 WL 112953, at *1 (N.D. Fla. Jan. 15, 2009)(citing Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001)); Bentley v.

Bank of Am., 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011). Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997), factual allegations must give each defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). Accordingly, at times, a plaintiff's "grouping" of defendants in a complaint may require a more definite statement. See Veltmann v. Walpole Pharmacy, Inc., 928 F. Supp. 1161, 1164 (M.D. Fla. 1996); Lane v. Capital Acquisitions & Mgmt., Co., No. 04-60602, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006)("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum standard of Rule 8.").

Plaintiffs may also review the factual allegations asserted in support of its nine substantive claims. The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Plaintiffs should clearly and concisely state the circumstances, occurrences and events which support each of their claims.

As the Complaint is not properly alleged, the Court need not address defendants' other arguments at this time.

Accordingly, it is now

**ORDERED:**

1.  Defendants' Joint Motion to Dismiss (Doc. #8) is **GRANTED** and the Complaint (Doc. #1) is dismissed without prejudice.

2.  Plaintiffs shall file an amended complaint **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this 12th day of September, 2012.

                                    _____
                                    JOHN E. STEELE
                                    United States District Judge

Copies: Counsel of record