```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

SYNERGY REAL ESTATE OF SW FLORIDA,
INC., GULF COAST MANAGEMENT GROUP,
LLC, and LOUIS PFAFF,

                Plaintiffs,

vs.                                    Case No.   2:11-cv-707-FtM-29UAM

PREMIER PROPERTY MANAGEMENT OF SW
FLORIDA, LLC, MICHAEL DEPAOLA,
KRISTIN DEPAOLA, CYNTHIA JONES, and
JAMES JONES,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Joint Motion to Dismiss Amended Complaint (Doc. #38) filed on October 16, 2012. Plaintiffs filed a Response in Opposition (Doc. #41) on November 5, 2012. For the reasons set forth below, the motion is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime

Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

Plaintiffs Synergy Real Estate of SW Florida, Inc. (Synergy), Gulf Coast Management Group, LLC (Gulf Coast) and Louis Pfaff (Pfaff) filed an eleven-count Amended Complaint (Doc. #37) against defendants Premier Property Management of SW Florida, LLC

(Premier), Michael DePaola, Kristin DePaola, Cynthia Jones, and James Jones.[1] Plaintiffs bring claims against defendants for cyberpiracy, unfair trade practices, civil conspiracy, tortious interference with advantageous business relationships, civil theft, breach of fiduciary duty, organized scheme to defraud, civil remedies for criminal practices, and defamation. (Doc. #37.) Jurisdiction is premised on original federal question jurisdiction, 28 U.S.C. § 1331, for the cyberpiracy and unfair trade practices claims brought under 15 U.S.C. § 1125, and supplemental jurisdiction, 28 U.S.C. § 1367, for the remaining claims. (Doc. #37, ¶ 13.)

Defendants argue that plaintiffs fail to meet the pleading requirements of the Federal Rules of Civil Procedure, fail to state a claim for each of the eleven counts, and with the exception of correcting their shotgun pleading, fail to adhere to the instructions in the Court's September 12, 2012 Opinion and Order (Doc. #35). (Doc. #38.)

**III.**

**A. Count I**

In Count I, plaintiffs contend that all defendants violated the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. §

---

[1] The Amended Complaint dropped Naples New Ventures, LLC and Deborah McCabe as defendants.

1125(d). The applicable portion of the ACPA provides in relevant part:

> A person shall be liable in a civil action by the owner of a mark . . . if, without regard to the goods or services of the parties, that person-
>
> (i) has a bad faith intent to profit from that mark . . . and
>
> (ii) registers, traffics in, or uses a domain name that-
>
>> (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark;
>>
>> (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or
>>
>> (III) is a trademark, word, or name protected by reason of section 706 of Title 18 or section 220506 of Title 36.

15 U.S.C. § 1125(d)(1)(A). The ACPA enumerates nine nonexclusive factors that are relevant to a person's "bad faith intent." 15 U.S.C. § 1125(d)(1)(B). The ACPA also provides that a person is liable for "using" a domain name "only if that person is the domain name registrant or that registrant's authorized licensee." 15 U.S.C. § 1125(d)(1)(D).

Count I of the Amended Complaint alleges that all defendants "used" domain names. (Doc. #37, ¶ 51.) James Jones is the only defendant for whom factual allegations are made, with the other defendants apparently being encompassed in the "acting in concert with other Defendants" language. (E.g., Doc. #37, ¶¶ 21, 27).

Even if this is sufficient as to James Jones, it is insufficient as to the other defendants. Additionally, Count I contains no allegation that any of the defendants are domain name registrants or a registrant's authorized licensee. A claim of use of a domain name is only unlawful under the ACPA if the person using the domain name is the registrant or the registrant's authorized licensee. 15 U.S.C. § 1125(d)(1)(D); <u>Bird v. Parsons</u>, 289 F.3d 865, 880-81 (6th Cir. 2002); <u>King Ranch, Inc. v. King Ranch Contractors, LLC</u>, No. 6:12-cv-597-Orl-37KRS, 2013 WL 2371246 (M.D. Fla. May 30, 2013). Therefore, plaintiffs have failed to state a claim under the ACPA in Count I against any of the defendants.

**B. Count II**

Plaintiffs have similarly failed to state a claim in Count II. Plaintiffs allege unfair trade practices in violation of the Lanham Act, 15 U.S.C. § 1125(a). Title 15 U.S.C. § 1125(a) provides in relevant part:

> (1) Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics,

> qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a). "In order to succeed in a claim for unfair competition . . . the plaintiff must establish the following two elements: 1) valid ownership of the mark; and 2) the defendant's use of the mark in commerce creates a likelihood of confusion among consumers as to the origin of the goods." Turner Greenberg Assocs., Inc. v. C & C Imp., Inc., 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004), aff'd, 128 F. App'x 755 (11th Cir. 2005)(citing Alliance Metals, Inc. of Atlanta v. Hinely Indus., Inc., 222 F.3d 895, 906 (11th Cir. 2000)). Here, plaintiffs have not specifically described the mark or alleged valid ownership of the mark in Count II's allegations and, thus, this claim must also be dismissed.

**C. Remaining Counts**

The Court need not address the issues raised in defendants' motion to dismiss as to the remaining counts. The remaining possible claims in the Amended Complaint are all state law claims. Even assuming these are properly pled, pursuant to 28 U.S.C. § 1367(c)(3) the Court would exercise its discretion and decline to exercise supplemental jurisdiction over the state claims. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004)(encouraging district courts to dismiss state claims where all claims which provided original jurisdiction have been dismissed.)

The Court will provide plaintiffs with a final opportunity to file an amended complaint setting forth claims.  Again, plaintiffs may take this opportunity to address any additional pleading deficiencies, including those addressed in the Court's September 12, 2012 Opinion and Order.  The Court will not grant leave to file any additional complaints if the new pleading is insufficient.

Accordingly, it is now

**ORDERED:**

1.  Joint Motion to Dismiss Amended Complaint (Doc. #38) is **GRANTED** and the Amended Complaint (Doc. #37) is dismissed without prejudice.

2.  Plaintiffs may file a Second Amended Complaint **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.  Failure to file a Second Amended Complaint within the allotted time will result in the closing of the file without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this 10th day of June, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record