UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SYNERGY REAL ESTATE OF SW FLORIDA,
INC., GULF COAST MANAGEMENT GROUP,
LLC, and LOUIS PFAFF,

    Plaintiffs,

vs.                        Case No. 2:11-cv-707-FtM-29UAM

PREMIER PROPERTY MANAGEMENT OF SW
FLORIDA, LLC, MICHAEL DEPAOLA,
KRISTIN DEPAOLA, CYNTHIA JONES, and
JAMES JONES,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Joint Motion to Dismiss Second Amended Complaint (Doc. #52) filed on July 18, 2013. Plaintiffs filed a Response in Opposition (Doc. #55) on August 9, 2013. For the reasons set forth below, the motion is granted.

**I.**

This matter was first filed on July 5, 2011, by plaintiffs Synergy Real Estate of SW Florida, Inc., Gulf Coast Management Group, LLC, and Louis Pfaff against defendants Premier Property Management of SW Florida, LLC, Naples New Ventures, LLC, Deborah McCabe, Michael DePaola, Kristin DePaola, Cynthia Jones, and James Jones. (Doc. #1.) Following a joint motion to dismiss (Doc. #8), the Court dismissed the Complaint without prejudice as a shotgun pleading and advised plaintiffs to address any additional pleading

deficiencies.  (Doc. #35.)  For example, plaintiffs failed to comply with Fed. R. Civ. P. 8 by indiscriminately lumping defendants together and the Court advised plaintiffs to clearly and concisely state the circumstances, occurrences and events which support each of their claims.  (Id.)  Plaintiffs were given an opportunity to amend the Complaint and did so on October 2, 2012.[1] (Doc. #37.)  Following another joint motion to dismiss (Doc. #38), the Court dismissed the Amended Complaint without prejudice for failure to state a claim in Counts I and II and the Court declined to exercise supplemental jurisdiction over the remaining claims.[2] (Doc. #50.)  The Court granted leave to amend but warned that this would be the final opportunity and again advised plaintiffs to address any additional pleading deficiencies, including those addressed in the Court's earlier Opinion and Order.  (Id.)

On July 1, 2013, plaintiffs filed a nine-count Second Amended Complaint (Doc. #51) against defendants for cyberpiracy, unfair

---

[1]The Amended Complaint dropped Naples New Ventures, LLC and Deborah McCabe as defendants.

[2]The Court dismissed Count I, plaintiffs' claim against all defendants for violation of the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d), because the factual allegations did not give each defendant fair notice of the nature of the claim and the Amended Complaint did not include an allegation that any of the defendants were domain name registrants or a registrant's authorized licensee. (Doc. #50, pp. 3-5.)  The Court dismissed Count II, plaintiffs' claim against all defendants for unfair trade practices in violation of the Lanham Act, 15 U.S.C. § 1125(a), because the factual allegations did not describe the mark or allege valid ownership of the mark.  (Id., pp. 5, 6.)

trade practices, civil conspiracy, tortious interference with advantageous business relationships, breach of fiduciary duty, organized scheme to defraud, and defamation. Jurisdiction is premised on original federal question jurisdiction, 28 U.S.C. § 1331, for the cyberpiracy and unfair trade practices claims brought under 15 U.S.C. § 1125, and supplemental jurisdiction, 28 U.S.C. § 1367, for the remaining claims. (Doc. #51, ¶ 13.)

**II.**

Defendants again bring a joint motion to dismiss arguing that plaintiffs fail to meet the pleading requirements of the Federal Rules of Civil Procedure and fail to state a claim for each of the nine counts. (Doc. #52.) Defendants argue that Count I should be dismissed because the allegation that plaintiff Synergy "registered, and at all times owned" the domain names defeats the ACPA claim. (Id., pp. 4, 5.) As to Count II, defendants argue that: (1) plaintiffs have failed to plead "used in commerce," which is an element of a Lanham Act claim; (2) plaintiffs fail to plead the claim with heightened specificity; and (3) plaintiffs do not meet the pleading requirements of Fed. R. Civ. P. 8(a). (Id., pp. 5-17.) Plaintiffs respond that defendants ignore the law of the case as established by the Court's June 10, 2013 Opinion and Order, which plaintiffs interpret as finding Counts I and II "plausible claim[s] on [their] face" to the extent plaintiffs allege that defendants were either the registrant or the registrant's

-3-

authorized licensee and the allegations describe the mark and allege valid ownership of the mark. (Doc. #55, pp. 2-11.)

The Court first notes that plaintiffs' reading of the Court's June 10, 2013 Opinion and Order is incorrect. The Court did not find Counts I and II "plausible claim[s] on [their] face," "[i]n all other regards." In fact, in its Opinion and Order, the Court specifically advised plaintiffs to address any additional pleading deficiencies, including those addressed in the Court's earlier Opinion and Order. (Doc. #50, p. 7.)

Although the Court has stated and again reminded plaintiffs that indiscriminately lumping "defendants" together fails to comply with Fed. R. Civ. P. 8, the Second Amended Complaint continues to indiscriminately lump defendants together. For example, paragraphs 56 through 63 and 66 through 70 allege that "defendants," which include a limited liability company, committed the acts underlying the claim. (Doc. #51.) Similarly, the allegations incorporated in Counts I and II do not allege each defendant's conduct individually but rather group them as "defendants" or name all four individual defendants. (Id., ¶¶ 16, 22, 23, 24, 25, 28, 30, 31, 32, 33, 34, 35, 36, 39, 42, 49, 52.) The Court finds that the Second Amended Complaint does not give each defendant "fair notice" of the nature of the claims and the "grounds" on which the claims rest. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). See also Lane v. Capital Acquisitions & Mgmt., Co., No. 04-60602, 2006 WL

4590705, at *5 (S.D. Fla. Apr. 14, 2006)("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum standard of Rule 8.").

Additionally, plaintiffs do not sufficiently address the deficiencies cited in the Court's June 10, 2013 Opinion and Order. As to Count I, a claim of use of a domain name is only unlawful under the ACPA if the person using the domain name is the registrant or the registrant's authorized licensee. 15 U.S.C. § 1125(d)(1)(D). While plaintiffs supplement their allegations with paragraphs 21, 22, 23, 24, 25, 32, 33, 34, 35, 36, and 52, the allegations still do not adequately plead that any of the defendants registered the domain name or were the authorized licensee. Defendants are not registrants as paragraph 21 alleges that plaintiff Synergy was the domain name registrant. (Doc. #51.) As for the defendants' status as authorized licensees, the allegations are contradictory. Paragraphs 22 and 34 allege that defendants "had the authority to use Synergy's domains during their employment and/or ownership of Synergy" and "previously were authorized to use the domain names for the legitimate business purposes of Synergy." (Id.) However, paragraphs 30, 31, 32, 34, 36, 39, 57, and 58 allege that defendants used the domain name "without permission or license," "in derogation of any permissible

use," and "knowingly and willfully impermissibly and illegally."[3]

(Id.) As to Count II, in its earlier Opinion and Order the Court stated that "plaintiffs have not specifically described the mark or alleged valid ownership of the mark." (Doc. #50, p. 6.) Based on the Court's reading of the Second Amended Complaint, it remains unclear what mark is at issue.[4]

Therefore, as the Court has previously warned that the Second Amended Complaint would be plaintiffs' final opportunity to address the pleading deficiencies, the Court will dismiss the Second Amended Complaint and will not allow any further amendments.

Accordingly, it is now

**ORDERED**:

1. Defendants' Joint Motion to Dismiss Second Amended Complaint (Doc. #52) is **GRANTED** and Counts I and II of the Second

---

[3] Plaintiffs inability to state a claim may also stem from the fact that the allegations do not seem to fit the definition of cybersquatting. "Cybersquatting is a form of trademark misuse. 'This activity is defined to be the conduct of one who reserves with a network information center a domain name consisting of the mark or name of a company for the purpose of relinquishing the right to the domain name back to the legitimate owner for a price.'" Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(citation omitted).

[4] The Court again need not address the issues raised in defendants' motion to dismiss as to the remaining counts, which are all state law claims. Even assuming these are properly pled, pursuant to 28 U.S.C. § 1367(c)(3) the Court would exercise its discretion and decline to exercise supplemental jurisdiction over the state claims. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004)(encouraging district courts to dismiss state claims where all claims which provided original jurisdiction have been dismissed).

Amended Complaint (Doc. #51) are **DISMISSED**. The Court declines to retain jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367(c)(3), and those counts are also **DISMISSED**. No further amendments will be allowed.

    2.  The Clerk is directed to enter judgment accordingly and close the file. The Clerk is further directed to terminate all previously scheduled deadlines and pending motions.

    **DONE AND ORDERED** at Fort Myers, Florida, this <u>11th</u> day of October, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record